IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOHN M. PIERCE, SR.,            )
                                )
           Plaintiff,           )
                                )
     v.                         )    1:13CV158
                                )
UNIVERSAL STEEL OF NORTH        )
CAROLINA, LCC,                  )
                                )
           Defendant.           )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on January 13, 2014, was served on the parties in this action. (Docs. 31, 32.) Plaintiff John M. Pierce, Sr., filed timely objections (Doc. 33) to the Recommendation pursuant to Federal Rule of Civil Procedure 72, and Defendant Universal Steel of North Carolina, LLC ("Universal Steel") filed a response (Doc. 34).

**I. BACKGROUND**

The Magistrate Judge recommended that this court grant Universal Steel's motion to dismiss Pierce's retaliation claim brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Doc. 31.) The allegations of Pierce's amended complaint are adequately described in the

Recommendation (see id. at 1-3) but will be summarized here in relevant part.

Pierce, an African-American, was originally an employee of Triad Steel, Co., before that company was purchased by Universal Steel in 2006. (Doc. 26 ¶ 10.) After the transition, Pierce made some complaints to his supervisors to the effect that he believed white employees were being paid more than their black counterparts. (Id. ¶¶ 22, 25.) However, nothing more was done until 2011, when Universal Steel hired Richard Roth as its Production Manager. (Id. ¶ 27.) Pierce alleges that Roth subjected him and other minority employees to a string of "derogatory, stereotypical, and bigoted remarks" approximately once or twice per week. (Id. ¶ 30.) In July 2011, Pierce and another employee confronted Roth regarding the favorable treatment of white employees. (Id. ¶ 33.) Apparently, nothing was done at this time. In October, Pierce spoke to Roth again after Roth assigned Pierce a new task without allowing Pierce a chance to finish what he had been working on. (Id. ¶¶ 36-37.) Pierce complained that white employees were allowed to do nothing while Roth piled assignments on the minority employees. (Id. ¶ 37.) Roth responded that Pierce should quit, but Pierce said he would not be intimidated out of his job. (Id. ¶ 38.) Pierce was subsequently laid off on October 20, 2013, along with seven other employees (six white and one black). (Id. ¶ 40.)

Although Universal Steel began hiring back the white employees the next week, Pierce was never re-hired; instead, Roth told him in November that his position had been outsourced. (Id. ¶¶ 41-44.) Pierce was officially informed via letter on December 15 that he had been terminated. (Id. ¶¶ 46-47.)

The Magistrate Judge concluded that Pierce's amended complaint failed to state a claim for retaliation and therefore that the claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the Magistrate Judge found that the harassment alleged by Pierce did not rise to the level of an adverse employment action under the Supreme Court's decision in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 67-69 (2006). Next, he concluded that Roth's harassment could not have been retaliatory because it was not alleged that Roth knew about Pierce's 2006 complaints. Finally, the Magistrate Judge concluded that there was no causal connection between any of Pierce's actions and his termination, and that "[t]he lapse in time between [Pierce's] alleged complaints and his termination . . . tends to negate any causal link between the two events." (Doc. 31 at 8.)

## II. ANALYSIS

### A. Standard of review

Pierce objects to all three of the Magistrate Judge's conclusions. Pursuant to Federal Rule of Civil Procedure

3

72(b)(3), this court is required to conduct a *de novo* review of those portions of the Magistrate Judge's Recommendation to which an objection is made. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court reviews for clear error those portions of a Recommendation to which no timely objection was made. Id. Here, Pierce essentially has objected to all of the Magistrate Judge's conclusions, necessitating a *de novo* review of the entire Recommendation.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 557). At the pleadings stage, the court must accept the complaint's factual allegations as true. Id.

**B. Retaliation claim**

As the Magistrate Judge properly stated, in order to make out a *prima facie* retaliation claim under Title VII, an employee must show that (1) he engaged in protected activity; (2) the

4

employer took an adverse action against him; and (3) there was a causal connection between the protected activity and the asserted adverse employment action. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Pierce specifically challenges the Magistrate Judge's conclusions regarding the second and third prongs of the *prima facie* case. However, consistent with the above standards, the court will review all three elements.

### 1. Protected Activity

Title VII's retaliation provision provides "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a). Pierce specifically confronted Roth regarding Universal Steel's supposed pay discrimination, which is a practice made unlawful by Title VII. See Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618 (2007) (superseded by 42 U.S.C. § 2000e-5(e)). Therefore, he engaged in a protected activity both times he approached Roth and discussed Universal Steel's employment practices.

### 2. Adverse employment action

The Magistrate Judge concluded that the harassment alleged by Pierce did not rise to the level of an adverse employment action. This conclusion was correct. The court need not

determine whether Roth's actions would constitute an adverse employment action under Burlington because the amended complaint alleges that the harassment began before any protected activity by Pierce. The amended complaint does not allege that the harassment became more severe or pervasive after Pierce's July or October confrontations with Roth. Thus, no adverse employment action resulted from Pierce's complaints; he was merely subjected to the same work environment that had existed since Roth had been his supervisor. There is no dispute that Pierce's layoff and termination constitute adverse employment actions. See Burlington, 548 U.S. at 60, 67–68; see also Lawson v. Burlington Indus., Inc., 683 F.2d 862, 863-64 (4th Cir. 1982) (holding that discriminatory layoff and failure to re-hire are separate violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.).

### 3. Causation

The Magistrate Judge concluded that, as a matter of law, Pierce had not alleged that his protected activity was the but-for cause of the layoff or termination. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013). This court disagrees. A close temporal proximity between protected activity and termination is sufficient to state a *prima facie* retaliation claim. See King v. Rumsfeld, 328 F.3d 145, 151 & n.5 (4th Cir. 2003) (termination two months and two weeks after

6

protected activity sufficient to satisfy causation requirement); Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011) (termination about a month after protected activity sufficient). Even after Nassar, courts have adhered to that rule. See, e.g., Feist v. La. Dep't of Justice, Office of the Atty. Gen., 730 F.3d 450, 454 (5th Cir. 2013); Lobato v. N.M. Env't Dep't, 733 F.3d 1283, 1293 (10th Cir. 2013); Taylor v. Republic Servs., Inc., No. 1:12-cv-00523, 2013 WL 5178452, at *24 (E.D. Va. Sept. 16, 2013).

When read in the light most favorable to Pierce, as required at the pleading stage, the amended complaint alleges sufficient temporal proximity between Pierce's October confrontation and his subsequent layoff -- less than one month. Pierce was alerted that he would not be re-hired no later than six weeks after his complaint. At this stage, such a close temporal proximity is sufficient to state a claim for retaliation on the basis of either the layoff or the eventual termination. The allegations of the amended complaint may plausibly be construed as asserting that the layoff was merely a vehicle to accomplish Pierce's ultimate termination. This is especially true because Pierce alleges that Universal Steel re-hired all five of the eligible white employees, but not the two African-American employees, who had been laid off.

The Magistrate Judge stated that Pierce has "not alleged any facts" to support the claim that his termination was in retaliation for his repeated reporting of discrimination. (Doc. 31 at 7.) His reasoning was that Pierce does not allege he engaged in any protected activity between his layoff in October and his eventual final termination in December. (Id.) But Pierce alleged that he complained of discrimination in October and was laid off the same month. He never returned to work at Universal Steel because the company chose not to re-hire him. Therefore, the required temporal proximity between the protected activity and the adverse employment states a plausible claim for retaliatory discrimination.

## III. CONCLUSION

For the reasons stated, the court concludes that Pierce's amended complaint states a plausible Title VII retaliation claim. Therefore, the court declines to adopt the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Universal Steel's motion to dismiss (Doc. 27) is DENIED.

                                            /s/   Thomas D. Schroeder
                                        United States District Judge

March 5, 2014